**TEXAS AMERICAN BANK/RICHARDSON, Appellant,**

v.

**A.B. DICK PRODUCTS COMPANY OF DALLAS, INC., Appellee.**

No. 05–86–01148–CV.

Court of Appeals of Texas, Dallas.

Jan. 26, 1988.

Rehearing Denied March 14, 1988.

Sharon W. Curtis, McKinney, for appellant.

Barbara E. Kirby, Dallas, for appellee.

Before WHITHAM, ROWE and HECHT, JJ.

HECHT, Justice.

A.B. Dick Products Company of Dallas, Inc. sued Dennis Bloom, individually and doing business as Equipress Financial

Printers, and Texas American Bank/Richardson, N.A.[1] for payment of the purchase price of printing equipment which A.B. Dick sold under a lease-purchase arrangement between Equipress and the Bank. The district court rendered judgment in favor of A.B. Dick against Equipress and the Bank. Only the Bank appeals.

We hold that A.B. Dick's right to recover against the Bank on its action for account was conclusively established under the evidence. Consequently, we affirm the judgment of the district court.

## I

### A

Equipress made a written offer to A.B. Dick to purchase printing presses for $104,-325, which A.B. Dick accepted. When Equipress requested the Bank to finance the purchase, the Bank suggested a lease-purchase arrangement whereby the Bank would purchase the equipment from A.B. Dick and lease it to Equipress. To effectuate this arrangement, Equipress and the Bank signed a non-cancellable lease which listed the equipment, specified A.B. Dick as supplier, set out the payment schedule, and stated: "[The Bank] agrees to order the equipment from [A.B. Dick] upon the terms and conditions of the purchase order initially attached hereto."

The Bank officer handling the transaction then notified a representative of A.B. Dick that the Bank had approved lease-purchase financing for Equipress, and requested A.B. Dick to deliver the equipment to Equipress and send the Bank an invoice "to complete the transaction." The A.B. Dick representative testified at trial that the Bank officer added, "[W]e will pay [the invoice] when the equipment is delivered." The Bank officer also testified at trial but never denied making the latter statement. As instructed, A.B. Dick sent the Bank an invoice showing that the equipment was "sold to" the Bank and shipped to Equipress, "Terms: Net Cash".

A.B. Dick delivered the equipment to Equipress. The Bank requested Equipress to sign a receipt that the equipment was received in good condition and was acceptable. Equipress refused, complaining that the equipment did not operate satisfactorily, and instructed the Bank not to pay for the equipment until its complaints had been resolved. The Bank accordingly refused to pay A.B. Dick until Equipress signed the receipt. Equipress' complaints were never satisfied, and it never signed the receipt. A.B. Dick demanded payment from both Equipress and the Bank, and both refused.

### B

A.B. Dick sued both Equipress and the Bank for the unpaid purchase price of the equipment, asserting actions for account, fraud, conspiracy, conversion and constructive trust. A.B. Dick also asserted an action for breach of contract against Equipress only, and an action for negligent misrepresentation against the Bank only. In defense of the claims against it, Equipress contended that purchase of the equipment was conditioned upon its operating satisfactorily for 30 days, and that A.B. Dick breached its warranty of fitness for Equipress' particular purposes. The Bank denied that it ever agreed to pay for the equipment and asserted that it acted only as a special agent for payment on behalf of Equipress.

The case was tried before a jury. After the evidence was closed, the district court announced that the facts as to the Bank's role in the transaction were undisputed, and that the only factual issues to be determined related to Equipress' defensive claims. The district court stated that it would submit to the jury issues relating to Equipress' contentions only, and not any issues relating to the Bank. If the jury answered the issues adversely to Equipress, the district court advised, judgment would be rendered for A.B. Dick against both Equipress and the Bank. The Bank requested a jury issue, which the district

---

1. In addition, Seller sued Daniel Bloom, individually and doing business as Equipress Financial Printers, and S.P. Gulley, an officer of the Bank.

court refused, on whether it was a special agent of Equipress for the limited purpose of disbursing funds to A.B. Dick. The Bank did not object to the jury charge as submitted.

The jury found that A.B. Dick and Equipress did not agree that payment was not due until the equipment had operated satisfactorily for thirty days. The jury also found that the equipment was not unsuitable for Equipress' particular purposes. The jury having thus rejected both of Equipress' defensive theories, the district court rendered judgment for A.B. Dick against both Equipress and the Bank.

## II

### A

■ In its seventh point of error the Bank complains that there is no evidence to establish the essential elements of A.B. Dick's account claim. To the contrary, we find that the evidence relating to A.B. Dick's account claim is undisputed and conclusively establishes A.B. Dick's right to recover. The Bank's agreement to purchase the equipment from A.B. Dick for use by Equipress is established by the written lease between the Bank and Equipress. The Bank's request to A.B. Dick to deliver the equipment to Equipress and to invoice the Bank for payment is established by the testimony of the Bank officer who handled the transaction. The only element of A.B. Dick's account claim not established by written evidence or admitted by the Bank is its agreement to pay A.B. Dick's invoice upon delivery of the equipment. However, the testimony of A.B. Dick's representative that the Bank officer did promise to pay is clear, unequivocal and free of contradiction. The A.B. Dick representative did testify upon cross-examination that there was no written contract between A.B. Dick and the Bank, but he stated he did not know whether there was an oral contract. The Bank officer testified but did not deny promising payment. Under these circumstances, we hold that the Bank's undenied promise to pay has been conclusively established. The Bank's seventh point of error is overruled.

■ In its ninth point of error the Bank contends in part that A.B. Dick waived recovery on its account claim by failing to object to the district court's refusal to submit jury issues on the claim. However, since A.B. Dick's account claim was conclusively established, no issue for the jury existed, and none was required to be submitted. See Tex.R.Civ.P. 279. In these circumstances, A.B. Dick did not waive its account claim. The Bank's ninth point of error is, to this extent, overruled.

In its first point of error the Bank contends that the undisputed evidence establishes that it was acting solely as a disclosed special agent of Equipress for payment only. To the contrary, as we have shown above, the undisputed evidence establishes that the Bank itself agreed to purchase and pay for the equipment. The Bank's first point of error is overruled.

### B

In points of error three through six, and eight, the Bank contends that the district court erred in rendering judgment for A.B. Dick because there is no evidence to establish its claims of fraud, negligent misrepresentation, conspiracy, conversion and constructive trust. In its ninth point of error the Bank also argues that A.B. Dick waived its constructive trust claim by failing to object to the district court's refusal to submit jury issues relating to the claim. The district court appears to have agreed with the Bank that there was no evidence to support recovery on these claims. Judgment for A.B. Dick was rendered upon its account claim, not its other claims. The Bank complains of action the district court simply did not take. These points of error are therefore overruled.

In its second point of error, the Bank contends that the district court erred in rendering judgment for A.B. Dick because there is no evidence of a contract between the Bank and A.B. Dick for the purchase of the equipment. The Bank also argues that A.B. Dick was not a third party beneficiary of the lease agreement between the Bank and Equipress. A.B. Dick did not plead a claim of breach of contract against the

Bank, other than its account claim, nor did it plead that it was a third party beneficiary of the lease agreement. The sole basis for the judgment in this case is A.B. Dick's account claim, which, as we have shown above, was conclusively established. The Bank's second point of error is therefore overruled.

Affirmed.